IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE MCNEILL, <br> on behalf of plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> MILLER AND STEENO, P.C., <br> RESURGENT CAPITAL SERVICES, L.P., <br> and LVNV FUNDING, LLC; <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Michelle McNeill brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Miller and Steeno, P.C. ("M&S"), Resurgent Capital Services, L.P. ("Resurgent"), and LVNV Funding, LLC ("LVNV"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

　　a. Defendants' collection activities and communications impacted plaintiff within this District;

　　b. Defendants do or transact business within this District.

## PARTIES

9. Plaintiff Michelle McNeill is an individual who resides in the Northern District of Illinois.

10. Defendant M&S is a law firm with 10 attorneys organized as a Missouri corporation with offices at 11970 Borman Drive, Suite 250, St. Louis, MO 63146.

11. M&S is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

12. M&S has a web site on which it lists practice areas including "Creditors Rights and Collections." (https://millersteeno.com/areas-of-practice/creditors-rights-and-collections/) The web site states that "Miller & Steeno handles collection cases for Missouri, Illinois, Tennessee and Arkansas."

13. M&S is a debt collector as defined in the FDCPA.

14. Defendant LVNV is a limited liability company organized under Delaware law with offices at 6801 S. Cimarron Rd., Ste. 424-J, Las Vegas, NV 89113. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

15. Defendant LVNV is engaged in the business of purchasing, or claiming to purchase, allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

16. Defendant LVNV pays an average of less than ten cents on the dollar for the debts.

17. Defendant LVNV then attempts to collect the purchased debts by legal proceedings and having debt collectors dun consumers.

18. Defendant LVNV is the plaintiff in more than 10,000 collection lawsuits per year.

19. Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

20. The sole source of income of LVNV is liquidation of consumer debts it purchases.

21. Defendant LVNV is a "debt collector" as defined in the FDCPA.

22. Defendant Resurgent is a limited partnership entity organized under Delaware law with offices at 55 Beattie Place, Ste. 110, Greenville, SC 29601. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

23. Defendant Resurgent operates a collection agency.

24. Defendant Resurgent holds one or more collection agency licenses.

25. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

26. Defendant Resurgent is a debt collector as defined in the FDCPA.

27. All collection activities complained of herein were conducted at the direction of Resurgent, pursuant to the relationship described below.

28. Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

29. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

30. Defendant LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

31. Defendant LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

32. The above statements continue to describe the relationship between LVNV and Resurgent.

33. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

34. On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

## FACTS

35. Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes.

36. Arrow Financial Services LLC, now defunct, obtained a judgment against plaintiff on such debt in Illinois state court in 2009.

37. Arrow obtained thousands of judgments, many of which remain unsatisfied.

38. In late 2018 and 2019, M&S, acting on behalf of LVNV and at the direction of Resurgent, sent plaintiff court documents stating that the debt had been purchased by LVNV, that M&S represented LVNV, and seeking various remedies, including substitution of LVNV for Arrow Financial Services LLC and post-judgment collection proceedings.

39. LVNV claims to have purchased a large number of debts and judgments previously owned by Arrow Financial Services LLC.

40. LVNV acquired some but not all of the debts and judgments of Arrow.

41. Resurgent collects and directs collection activities with respect to such debts and judgments.

42. Plaintiff appeared in McHenry County Circuit Court on February 7, 2019, a date provided in the court documents, and discussed the case with an attorney sent by M&S.

43. This is a common scenario with respect to judgments that LVNV allegedly acquired from Arrow.

44. M&S did not send plaintiff a "notice of debt" as required by 15 U.S.C. §1692g,

within 5 days thereafter, or indeed at any time through the end of March 2019.

45. Plaintiff was thereby deprived of her right to seek verification of the debt.

46. Plaintiff has never seen an actual assignment of any debt or judgment from Arrow to LVNV.

47. In addition, any notice of debt sent by M&S would have to provide the current balance claimed by defendants.

48. On information and belief, such omission of a "notice of debt" was common with respect to judgments that LVNV allegedly acquired from Arrow.

## COUNT I – FDCPA

49. Plaintiff incorporates paragraphs 1-48.

50. Defendants violated 15 U.S.C. §1692g, by failing to send the notice of debt required by that section.

51. Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> >
> > **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the**

> current creditor.
>
> **(b) Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
> **(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
>
> **(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> **(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

52. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

53. The class consists of (a) all individuals (b) with whom M&S communicated, other than through service of pleadings and motions, (c) in connection with a debt that LVNV allegedly acquired from Arrow (d) and who were not sent a "notice of debt" within 5 days thereafter, (e) where the communication occurred at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

54. On information and belief, the class is so numerous that joinder of all members is not practicable. A review of court dockets indicates that there are about 100 cases in Cook County alone where M&S undertook to collect on behalf of LVNV a judgment originally obtained by Arrow.

55. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of not sending "notices of debt" and whether such practice violates the FDCPA.

56. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

57. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

58. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
David Kim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\35969\Pleading\Complaint_Pleading.wpd